# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DERRICK LAWRENCE, | : | Civil No. 1:21-CV-0229 |
| Petitioner, | : | |
| v. | : | |
| UNITED STATES IMMIGRATION ENFORCEMENT & CUSTOMS, *et al.*, | : | |
| Respondents. | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

Before the court for screening is a petition for writ of habeas corpus filed under 28 U.S.C. § 2241 by Petitioner Derrick Lawrence ("Lawrence"). Lawrence, a state inmate serving a life sentence, challenges the Department of Homeland Security's Bureau of Immigration and Customs Enforcement's ("ICE's") decision to file a detainer against him with state prison authorities. (Doc. 1.) Lawrence also seeks leave to proceed *in forma pauperis* in this matter. (Doc. 2.) Due to the lack of subject matter jurisdiction, the court will dismiss the petition in accordance with 28 U.S.C. § 2241 and Rule 4 of the Rules Governing Habeas Corpus Cases. As Lawrence had paid the filing fee, his motion to proceed *in forma pauperis* will be denied as moot.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Lawrence, a native and citizen of Jamaica, entered the United States in 1973 at the age of 5 in the company of his parents. (Doc. 1, p. 1.)[1] In 1995, following a jury trial in the Luzerne County Court of Common Pleas, Lawrence was convicted of first-degree murder and sentenced to life imprisonment without the possibility of parole. (*Id.*); *see also Lawrence v. Commonwealth of Pennsylvania*, No. 1385 MDA 2019, 2020 WL 1231628 (Pa. Super. March 13, 2020). He is presently incarcerated at the Mahanoy State Correctional Institution in Frackville, Pennsylvania. (*Id.*, p. 1.)

Lawrence alleges that on October 24, 1996, an Immigration Judge initiated removal proceedings against him but then administratively closed them noting that he was "serving life sentence w/o parole." (*Id.*, p. 31.) He asserts that the ICE detainer is still on file with prison officials and therefore he "is still subject to illegal removal from the United States under the Deportation Order of October 24, 1996, which was obtained in violation of the Vienna Convention." (*Id.*, p. 2.) Additionally, he states he was denied counsel at the immigration proceedings. As such, he argues the order of removal is invalid and unenforceable. (*Id.*, p. 6.) Lawrence asks the court to declare the "deportation order is void, illegal and unenforceable against his person." (*Id.*, p. 20.)

---

[1] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

## STANDARD OF REVIEW

This matter is before the court for screening. *See* 28 U.S.C. § 2243. The Petition has been given preliminary consideration pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. *See* 28 U.S.C. § 2254 (applicable to § 2241 petitions under Rule 1(b)); *see also Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979) (explaining that Rule 4 is "applicable to Section 2241 petitions through rule 1(b)"). Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

## DISCUSSION

### A. Lawrence is not "in Custody" pursuant to the Immigration Detainer.

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless … [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied: (1) the petitioner is "in custody"; and (2) the custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). The federal habeas statute requires that the petitioner be

in custody "under the conviction or sentence under attack at the time the petition is filed." *Lee v. Stickman*, 357 F.3d 338, 342 (3d Cir. 2004) (quoting *Maleng*, 490 U.S. at 490–91).

Lawrence is presently serving a Pennsylvania state sentence for first-degree murder. He is incarcerated in a state prison. To the extent ICE has lodged a detainer with prison authorities, it is not the basis for his present confinement. Lawrence has not shown that he is in custody pursuant to the ICE detainer. As such, he is not "in custody" pursuant to ICE's detainer and therefore, may not seek relief under § 2241. *See Mundo–Violante v. Warden Loretto FCI*, 654 F. App'x 49, 52 (3d Cir. 2016) (per curiam) (detainer does not place prisoner "in custody" for purposes of habeas proceeding); *see also Henry v. Chertoff*, 317 F. App'x 178, 179 (3d Cir. 2009) (citing *Zolicoffer v. United States Dep't of Justice*, 315 F.3d 538, 541 (5th Cir. 2003) ("agree[ing] with the majority of circuit courts considering this issue and hold[ing] that prisoners are not "in custody" for the purpose of 28 U.S.C. § 2241 simply because the INS has lodged a detainer against them.")

### B. Lawrence May Not Challenge his Order of Removal pursuant to 28 U.S.C. § 2241.

The Supreme Court has held that § 2241 confers jurisdiction upon the federal district courts to consider cases challenging the detention of aliens during removal proceedings. *Demore v. Kim*, 538 U.S. 510 (2003); *Zadvydas v. Davis*,

533 U.S. 678 (2001). However, on May 11, 2005, Congress enacted the REAL ID Act which divested district courts of subject matter jurisdiction, whether through habeas corpus or otherwise, to review removal orders of any alien. *See* 8 U.S.C. § 1252(a)(5). The REAL ID Act provides that the "sole and exclusive means for judicial review" of an order of removal and matters dependent thereon, shall be a petition for review filed with the appropriate court of appeals. *Id.* Thus, even if Lawrence is subject to a final order of removal, and seeks to challenge that order, the REAL ID Act expressly eliminates the court's jurisdiction over such a petition. *See Kolkevich v. Att'y Gen. of the United States*, 501 F.3d 323, 326 (3d Cir. 2007). Such matters are left to the review of the appropriate court of appeals. *See* 8 U.S.C. § 1252(a)(5) ("a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal").

## CONCLUSION

Lawrence's § 2241 petition challenging his ICE detainer is subject to dismissal because he has not shown that he is "in custody" pursuant to the detainer for purposes of § 2241. To the extent Lawrence seeks to contest his order of removal, he must seek relief in the appropriate court of appeals, not the district court. An appropriate order will issue.

s/ Jennifer P. Wilson<br>
JENNIFER P. WILSON<br>
United States District Court Judge<br>
Middle District of Pennsylvania

Dated: April 5, 2021